# COMPOSITE EXHIBIT A

Case 2021CV000138   Document 2   Filed 02-15-2021   Page 3 of 9

FILED
02-15-2021
Clerk of Circuit Court
Outagamie County
2021CV000138

STATE OF WISCONSIN   CIRCUIT COURT   OUTAGAMIE COUNTY

RUMEN TODOROV, and
IZOLDA TODOROVA
1662 WEST RACHEL LANE
APPLETON, WI 54913,

                          Plaintiffs,          Case No._____
                                                              Class Code 30301

vs.

ENHANCED RECOVERY COMPANY, LLC
d/b/a ERC
8014 BAYBERRY ROAD
JACKSONVILLE, FL 32256,

                          Defendant.

## COMPLAINT FOR VIOLATIONS OF THE
## FAIR DEBT COLLECTION PRACTICES ACT

Plaintiffs, RUMEN TODOROV and IZOLDA TODOROVA, bring this action against Defendant, ENHANCED RECOVERY COMPANY, LLC d/b/a ERC ("ERC"), as follows:

### I. PRELIMINARY STATEMENT

1. Plaintiffs bring this action for ERC's illegal practices when attempting to collect alleged debts from them in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692-1692p.

2. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a). The

FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).

3. When collecting or attempting to collect a debt, the FDCPA bars debt collectors from using (a) harassing, oppresive, and abusive conduct; (b) false, deceptive, or misleading means or representations; and (c) unfair or unconscionable means. 15 U.S.C. §§ 1692d, 1692e, and 1692f. Each of those Sections contain a list of specific *per se* violations but they are nonexclusive and do not limit the general application of each Section's broad prohibitions.

4. When the collection process starts, the FDCPA requires debt collectors provide consumers with basic debt information and right to debt-verification. 15 U.S.C. § 1692g.

5. Although the FDCPA is not a strict-liability statute, "most infractions result in liability" without proof of *scienter* unless the specific infractions include an element of intent or purpose, or the debt collector can affirmatively prove a *bona fide* error under 15 U.S.C. § 1692k(c). *Oliva v. Blatt, Hasenmiller, Leibsker & Moore LLC*, 864 F.3d 492, 502 (7th Cir. 2017), *cert. denied,* 138 S. Ct. 1283 (2018).

6. A debt collector's conduct violates the FDCPA when viewed from the perspective of an "unsophisticated debtor." *Gammon v. GC Servs. Ltd. P'ship*, 27 F.3d 1254, 1257 (7th Cir. 1994). "The unsophisticated consumer is uninformed, naive, and trusting, but possesses rudimentary knowledge about the financial world, is wise enough to read collection notices with added care, possesses reasonable intelligence, and is capable of making basic logical deductions and inferences." *Williams v. OSI Educ. Servs., Inc*, 505 F.3d 675, 678 (7th Cir. 2007) (internal editing notations and quotation marks omitted).

7.　A single violation is sufficient to establish liability. *Nielsen v. Dickerson*, 307 F.3d 623, 640 (7th Cir. 2002).

8.　When a debt collector fails to comply with the FDCPA "with respect to any person," it "is liable to such person in an amount equal to the sum of" "any actual damage sustained," "additional" or statutory damages, costs, and reasonable attorneys' fees. Statutory damages are limited to no more than $1,000 per plaintiff.

9.　Plaintiffs seek such relief as is allowed under FDCPA including, without limitation, statutory damages, attorney fees and costs.

## II.　PARTIES

10.　TODOROV is a natural person who, at all times relevant to this lawsuit was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

11.　TODOROVA is a natural person who, at all times relevant to this lawsuit was a citizen of, and resided in, the City of Appleton, Outagamie County, Wisconsin.

12.　ERC maintains its principal business address at 8014 Bayberry Road, Jacksonville, Florida 32256; it regularly transacts business in Wisconsin by attempting to collect debts from thousands of Wisconsinites using the U.S. Mail, telephone, and Internet.

13.　ERC's registered agent for service in the State of Wisconsin is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, WI 53717.

## III.　JURISDICTION & VENUE

14.　This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) and 15 U.S.C. § 1692k(d). The Court has personal jurisdiction over Defendant pursuant to Wis. Stat. §801.05(d) because Defendant does business in Wisconsin.

15.　Venue is appropriate in Outagamie County pursuant to Wis. Stat. § 801.50(2)(a) because it is the county in which Plaintiffs' claim arose.

## IV.　FACTS

16. ERC regularly collects, and attempts to collect, defaulted debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. Mail, telephone, and Internet.

17. ERC mailed or caused to be mailed a letter dated February 14, 2020 (the "2/14/20 Letter") to TODOROV.

18. A true and correct copy of the 2/14/20 Letter is attached as *Exhibit A*, except that the undersigned has partially redacted it.

19. The Letter alleged TODOROV incurred and defaulted on a financial obligation ("Todorov Debt"), namely a credit card debt owed to Capital One, N.A. ("Capital One").

20. The Todorov Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

21. Sometime prior to February 14, 2020, the creditor of the Todorov Debt either directly or through intermediate transactions placed or transferred the debt to ERC for collection.

22. ERC mailed or caused to be mailed to TODOROVA a separate letter dated February 19, 2020 ( "2/19/20 Letter").

23. A true and correct copy of the 2/19/20 Letter is attached as *Exhibit B*, except that the undersigned has partially redacted it.

24. The 2/19/20 Letter alleged TODOROVA incurred and defaulted on a financial obligation ( "Todorova Debt"), namely a credit card debt to Capital One.

25. The alleged Todorova Debt arose out of one or more transactions in which the money, property, insurance, or services that were the subject of the transactions were primarily for personal, family, or household purposes.

26. Sometime prior to February 19, 2020, the creditor of the Todorova Debt either directly or through intermediate transactions placed or transferred the debt to ERC for collection.

27. The 2/14/20 Letter stated, in relevant part:

> Our records indicate that your balance on your Kohl's Credit Card Account remains unpaid; therefore your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $306.51.
>
> Upon receipt and clearance of $306.51, your account will be resolved.

28. The 2/19/20 Letter stated, in relevant part:

> Our records indicate that your balance on your Kohl's Credit Card Account remains unpaid; therefore your account has been placed with ERC® for collection efforts. We are authorized to resolve your account for less than the full balance for a payoff amount of $307.30.
>
> Upon receipt and clearance of $307.30, your account will be resolved.

29. Stated otherwise, the 2/19/20 Letter and 2/14/20 Letter (collectively "Letters") each offered to settle the respective debts for a 50% discount.

30. The Letters do not provide expiration dates for when the offer(s) need renewal.

31. Upon information and belief, ERC could and would settle the Todorov Debt for $306.51 or less at any time; however, TODOROV did not and is not expected to know this.

32. Upon information and belief, ERC could and would settle the Todorova Debt for $307.30 or less at any time; however, TODOROVA did not and is not expected to know those.

33. In absence of an expiration date, Plaintiffs interpreted ERC's settlement offers as an implied threat to revoke the settlement offers at any time and without notice possibly including after ERC had received payment of the settlement amounts.

34. ERC intended the Letters to create a false sense of urgency for the Plaintiffs to accept the settlement offers.

35. Without a date certain, the language "we are authorized to resolve your account for less than the full balance for a pay off amount of [50% of the Amount of the Debt]" is false, deceptive, misleading, and confusing; thus, giving rise to FDCPA liability.

36. Moreover, ERC's failure to provide an expiration date for its settlement offers is a material misrepresentation because it misleads the unsophisticated consumer about a material term of the settlement offer, that is, the deadline for acceptance.

37. The unsophisticated consumer, not knowing when the settlement offer would expire, would feel itimidated into paying rather than first disputing the debt.

## V. CAUSE OF ACTION FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

38. The preceding factual allegations are realleged and incorporated by reference.

39. ERC is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

40. The Todorov Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

41. The Todorova Debt is a "debt" as defined by 15 U.S.C. §1692a(5).

42. TODOROV is a "consumer" as defined by 15 U.S.C. § 1692a(3).

43. TODOROVA is a "consumer" as defined by 15 U.S.C. § 1692a(3).

44. *Exhibit A* is a "communication" as defined by 15 U.S.C. § 1692a(2).

45. *Exhibit B* is a "communication" as defined by 15 U.S.C. § 1692a(2).

46. ERC's use and mailing of *Exhibit A* and *Exhibit B* in an attempt to collect the Debts violated the FDCPA in one or more following ways:

> (1) Using a false, deceptive, or misleading representation or means in violation of 15 U.S.C. § 1692e;
>
> (2) Falsely representing the character, amount, or legal status of any debt in violation of 15 U.S.C. § 1692e(2)(A);
>
> (3) Falsely threatening to take an action that is not intended to be taken in violation of 15 U.S.C. § 1692e(5); and,
>
> (4) The use of a false representation or deceptive means to collect or attempt to collect any debt or obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

Page **8** of **9**

## VI. PRAYER FOR RELIEF

47. WHEREFORE, Plaintiffs demand judgment against ERC as follows:

    (1) An award of statutory damages under 15 U.S.C. §1692k(a)(2);

    (2) Attorney's fees, litigation expenses, and costs pursuant to 15 U.S.C. § 1692k(a)(3);

    (3) An award of actual damages including to the extent the recovery of reasonable attorneys' fees and costs cause Plaintiffs a negative tax consequence to; and,

    (4) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

48. Trial by jury is demanded on all issues so triable.

Dated: February 15, 2021

                                             *s/ Francis R. Greene*
                                             Francis R. Greene (WI Bar # 1115577)
                                             GREENE CONSUMER LAW
                                             1954 1st Street, #154
                                             Highland Park, IL 60035
                                             Telephone (312) 847-6979
                                             E-mail: Francis@greeneconsumerlaw.com

                                             *Attorney for Plaintiffs, Rumen Todorov and Izolda Todorova*

Case 2021CV000138   Document 2   Filed 02-15-2021   Page 1 of 9

FILED
02-15-2021
Clerk of Circuit Court
Outagamie County
2021CV000138

STATE OF WISCONSIN    CIRCUIT COURT    OUTAGAMIE COUNTY

RUMEN TODOROV, and
IZOLDA TODOROVA,
1662 WEST RACHEL LANE
APPLETON, WI 54913,

          Plaintiffs,

Case No. _____
Class Code 30301

vs.

ENHANCED RECOVERY COMPANY, LLC
d/b/a ERC
8014 BAYBERRY ROAD
JACKSONVILLE, FL 32256,

          Defendant.

## SUMMONS

THE STATE OF WISCONSIN, to the said defendant:

You are hereby notified that the Plaintiffs named above have filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The Court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the court, whose address is: 320 South Walnut Street, Appleton, Wisconsin 54911, and Plaintiffs' Attorney, Francis R. Greene, Greene Consumer Law, whose address is: 1954 1st St., #154, Highland Park, IL 60035. You may have an attorney help or represent you.

If you do not provide a proper answer within twenty (20) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

_[signature]_
PROCESS SERVER

2-22-2021   245pm

DATE   TIME

Page 1 of 9

Dated: February 15, 2021

                              <u>s/ *Francis R. Greene*</u>
                              Francis R. Greene (WI Bar # 1115577)
                              GREENE CONSUMER LAW
                              1954 1st Street, #154
                              Highland Park, IL 60035
                              Telephone (312) 847-6979
                              E-mail: Francis@greeneconsumerlaw.com

                              *Attorney for Plaintiffs, Rumen Todorov and*
                              *Izolda Todorova*